NOAH W. DREW (WSB #7-4888)
THE SPENCE LAW FIRM, LLC
15 South Jackson Street
P.O. Box 548
Jackson, Wyoming 83001
(307) 733-7290
(307) 733-5248 Fax
drew@spencelawyers.com

*Attorney for Plaintiff*

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2018 JUL -9 PM 1:06

STEPHAN HARRIS, CLERK
CHEYENNE

## UNITED STATES DISTRICT COURT
## DISTRICT OF WYOMING

| | |
|---|---|
| AARON RICHARD,<br><br>Plaintiff,<br><br>v.<br><br>BRIDGESTONE AMERICA TIRE OPERATIONS, LLC; FEDEX GROUND PACKAGE SYSTEM, INC; and JOHN DOE CORPORATIONS 1-3,<br><br>Defendants. | Case No: 18-BV-112-SWS<br><br>**PLAINTIFF'S COMPLAINT AND JURY DEMAND** |

### I.   INTRODUCTION

On November 8, 2014, Plaintiff Aaron Richard was traveling east on Interstate 80, at or near milepost 363 in his gold 2005 Chevrolet Venture van. Traveling westbound was a semi tractor-trailer operated by Defendant FedEx Ground Package System, Inc. As the FedEx Ground Package System, Inc. semi tractor-trailer approached westbound

mile marker 363, its front driver's side steer tire exploded causing the semi tractor-trailer to careen through the highway median and cable barrier and into Plaintiff Aaron Richard's 2005 Chevrolet Venture van. The collision sent Mr. Richard's vehicle into a spin. The semi tractor-trailer also collided with another vehicle causing fatalities.



Figure 1 - Chevrolet Venture Driven By Aaron Richard

Aaron Richard suffered serious injuries from this collision including, but not limited to, a mild traumatic brain injury, soft tissue injuries to his cervical spine, and exacerbation of prior injuries to his shoulder. Mr. Richard brings this action for money damages against Defendants Bridgestone America Tire Operations, LLC; FedEx Ground

Package System, Inc.; and John Doe Corporations 1-3 that are responsible for causing his injuries and damages.

## II. PARTIES, JURISDICTION, AND VENUE

1. Aaron Richard is an adult citizen of Iowa.

2. Defendants Bridgestone Americas Tire Operations, LLC (hereinafter "Bridgestone") is a corporation or entity under the laws of states other than Wyoming, with its principal places of business in states other than Wyoming, and was, at the time of the wrongful deaths, conducting business in Wyoming.

3. Defendant FedEx Ground Package System, Inc. (hereinafter "FedEx") is a motor carrier and corporation under the laws of Delaware or another state than Wyoming, with its principal place of business in Pennsylvania or a state other than Wyoming, and it was, at the time of the wrongful deaths, conducting business in Wyoming, either directly or by its agents and/or servants.

4. FedEx's US DOT permit obligates it to be responsible for the conduct of persons operating, maintaining, dispatching and otherwise running Fed Ex-labeled vehicles, regardless of who employed the drivers, maintenance personnel, dispatchers and others.

5. John Doe Corporations/Entities 1-3 (hereinafter Does) are motor carriers, tire companies or other business entities under laws of states other than Wyoming, with their principal places of business in states other than Wyoming.

6. The amount in controversy in this action substantially exceeds $75,000.00.

7. Pursuant to 28 U.S.C. §§ 1332 and 1391, proper jurisdiction and venue for the plaintiff's claims reside in the District of Wyoming.

### III. FACTS COMMON TO ALL CLAIMS

8. Bridgestone marketed and sold a Bridgestone R283 tire.

9. FedEx and/or its agents/servants purchased the Bridgestone R283 tire in or about August 2014, and it was placed on the driver's side front of a tractor FedEx operated on public highways.

10. Upon information and belief an identical tire, likely from the same Bridgestone lot of tires and placed on the passenger side front of the tractor at the same time, failed approximately two months before Aaron Richard was injured.

11. Doe Corporations/Entities were or may have been involved in the marketing, sale or operation of the tire, or the tractor on which it was placed.

12. The tractor, in combination with two trailers, was heading west in the westbound lanes of Interstate Highway 80 at mile 363.25, on the eastern edge of Cheyenne, Wyoming on November 8, 2014.

13. Aaron Richard was driving a 2005 Chevrolet Venture and heading east in the eastbound lanes of Interstate 80 at that same time and place.

14. The Bridgestone tire on the driver's side front of the tractor failed.

15. The tractor-trailer combination then went to the left, crashed through a barrier in the median, entered the eastbound lanes, first collided with the Chevrolet Venture before colliding with a Dodge Caravan, causing the deaths of all three occupants of the Dodge Caravan.

16. The tractor and trailers showed the FedEx logo and the driver was wearing a FedEx uniform. The Wyoming Highway Patrol report listed the FedEx driver's employer as "FedEx Ground" and the tractor owner as "FedEx Ground Package Systems, Inc."



Figure 2 - FedEx Ground Package Systems, Inc. Semi Tractor-Trailer

### IV.   CAUSES OF ACTION - BRIDGESTONE

17. Plaintiff realleges the paragraphs above and incorporates them by reference.

18. Bridgestone's tire was in a defective, dangerous condition at the time of its sale.

19. Bridgestone is liable under the principles of the Restatement (Second) of Torts, §§402A and 402B, for the defective condition of the tire, and for marketing defects and misrepresentations that caused or were substantial contributing factors in the deaths.

20. The defective condition caused or was a substantial contributing factor in the deaths.

21. Bridgestone's conduct in marketing, distribution, and sale of the tire was negligent.

22. Bridgestone's negligence caused or was a substantial contributing factor in the deaths.

23. Bridgestone was a merchant of the tires on the front of the tractor and warranted that the driver's side front tire was fit for the ordinary purposes for which such tires are used.

24. The tire was not fit for those ordinary purposes. Bridgestone breached the warranty and caused or substantially contributed to the injuries of Mr. Richard, a third-party beneficiary of the warranty.

25. Bridgestone could not exclude or limit the warranty as to them.

## V. RECKLESS INDIFFERENCE OF BRIDGESTONE - EXEMPLARY DAMAGES

26. Plaintiff realleges the paragraphs above and incorporates them by reference.

27. Upon information and belief, the passenger side front tire, purchased at the same time and likely from the same lot of tires, failed approximately two months before the occurrence.

28. Bridgestone chose not to have in place a system that would capture and replace defective tires under these circumstances and, as a result, the defective steer tire remained on the FedEx tractor until it caused or contributed to the deaths.

29. Bridgestone's choice not to have a system that would result in the replacement of both steer tires in the circumstances leading to this occurrence - a multiple-tons semi travelling on highways with the motoring public - was reckless, willful and wanton and demonstrated indifference to the safety of the motoring public.

## VI. CAUSES OF ACTION - FEDEX

30. Plaintiff realleges paragraphs 1-16 above and incorporates them by reference.

31. FedEx and its agents/servants had a duty to ensure the safe operation and maintenance of the tractor-trailer combination on the highway.

32. FedEx and its agents/servants chose not to replace both steer tires on the tractor when one of them failed approximately two months before this wreck.

33. FedEx directly or by the conduct of its agents/servants breached duties of due care and negligently failed to keep the tractor-trailer combination, including but not limited to the steer tires, properly maintained and under proper control at all times.

34. The Code of Federal Regulations in 49 C.F.R. 390.5 makes FedEx liable for the conduct of those operating, maintaining, dispatching or otherwise running FedEx labeled vehicles without regard to common law principles regarding independent contractors.

35. The negligence of FedEx and its agents/servants caused or was a substantial contributing factor in the deaths.

### VII.   RECKLESS INDIFFERENCE - FEDEX

36. Plaintiff realleges paragraphs 1-16 and 30-35 above and incorporates them by reference.

37. Upon information and belief, FedEx directly or by its agents/servants, deliberately chose not to replace both front tires when it replaced the failed passenger side front tire, purchased at the same time and likely from the same lot of tires, and that had failed approximately two months before the occurrence.

38. FedEx's decision neither to replace both steer tires on a multiple-tons semi that would travel on highways with the motoring public, nor to properly maintain the semi-tractor and its steer tires, was reckless, willful and wanton, and demonstrated indifference to the safety of the motoring public.

## VIII.  DAMAGES

39. Plaintiff re-alleges and incorporates the paragraphs set forth above.

40. As a direct and proximate result of Defendants' negligent, reckless, willful and wanton acts and omissions, Mr. Richard suffered serious injuries, including but not limited to:

   a. Lacerations to his head; lacerations to the neck and face; lacerations and glass in the arms, knees and legs;

   b. Soft tissue injury to his right shoulder and left knee;

   c. Soft tissue injuries to his cervical spine;

   d. Brain injury and post-concussive syndrome with associated chronic headaches and other neurological impairments; and

   e. Emotional pain and suffering.

41. Aaron Richard seeks damages including, but not limited to, the following:

   a. Medical expenses, in an amount to be proven at trial;

   b. Past and future loss of income;

   c. Other economic loss;

   d. Physical, mental, and emotional pain and suffering damages, in an amount to be proven at trial;

e. Punitive damages in a reasonable amount to be proven at trial, sufficient to adequately punish Defendants, and to serve as a deterrent and warning against future conduct of the type alleged in this Complaint;

f. All allowable costs, expenses and fees associated with this litigation.

WHEREFORE, Plaintiff, Aaron Richard requests this Honorable Court to grant judgment as follows:

I. Judgment against Defendants for economic damages in an amount consistent with the allegations contained herein and to be proven at trial;

II. Judgment against Defendants for non-economic damages in an amount consistent with the allegations contained herein and to be proven at trial;

III. Judgment against Defendants for punitive damages in an amount consistent with the allegations contained herein and to be proven at trial; and

IV. Judgment for costs, interest, and such other and further relief as the Court deems just and equitable.

DATED this 3rd day of July, 2018.

THE SPENCE LAW FIRM, LLC

*Attorney for Plaintiff*
Noah W. Drew (WSB #7-4888)
15 South Jackson Street, P.O. Box 548
Jackson, Wyoming 83001
(307) 733-7290
(307) 733-5248 Fax
drew@spencelawyers.com

## DEMAND FOR JURY TRIAL

Plaintiff, by and through counsel, The Spence Law Firm, LLC, and pursuant to Federal Rule of Civil Procedure 38, requests this matter be tried to a jury.

DATED this 3rd day of July, 2018.

THE SPENCE LAW FIRM, LLC

*Attorney for Plaintiff*
Noah W. Drew (WSB #7-4888)
15 South Jackson Street, P.O. Box 548
Jackson, Wyoming 83001
Ph: (307) 733-7290
Fx: (307) 733-5248
drew@spencelawyers.com